**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANIL J. PATEL, | )   Civil Action No. 1:23cv1090 (PTG/WEF) |
| a/k/a ANILKUMAR J. PATEL, | ) |
| | ) |
| and | ) |
| | ) |
| BINA PATEL, | ) |
| a/k/a DHARMISTHA A. PATEL, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## <u>REPORT AND RECOMMENDATION</u>

This civil action is brought pursuant to 26 U.S.C. § 7401[1] by the United States of America ("the Government") against Defendants Anil J. Patel, also known as Anilkumar J. Patel, and Bina Patel, also known as Dharmistha A. Patel (collectively referred to as "the Defendants"), to reduce to judgment the unpaid federal income tax assessments, penalties, and interest levied against the Defendants. (Dkt. 1, "Compl."). As discussed below, the Government properly served the Complaint for Federal Taxes and Summons on the Defendants (Dkt. 6), the Defendants failed to answer or otherwise respond, and thereafter, the Clerk of Court entered default (Dkt. 8). This

---

[1]    26 U.S.C. § 7401 states the following:

No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

1

matter is now before the Court on the Government's Motion for Default Judgment against the Defendants pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2). Specifically, in its Complaint for Federal Taxes, the Government seeks a judgment against the Defendants in the amount of $1,078,566.26, as of August 21, 2023, for unpaid federal income taxes, penalties, and interest for the 2008, 2010, 2015, 2016, 2018, and 2021 tax years, plus any interest and penalties that accrue after that date. (Compl. ¶¶ 7, 11). In its Motion for Default Judgment, the Government increases its request and seeks a judgment in the amount of $1,104,545.35, as of December 7, 2023. (Dkts. 9, 10). Presumably, the increase is the result of additional interest and penalties assessed by the Internal Revenue Service as of December 7, 2023.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned Magistrate Judge is filing with the Court these proposed findings of fact and recommendations, a copy of which will be provided to all interested parties. For the reasons set forth below, the undersigned recommends granting the Government's Motion for Default Judgment and reducing to judgment the unpaid federal income tax assessments, penalties, and interest levied against the Defendants as of August 21, 2023, plus statutory interest and penalties accruing thereafter until paid in full.

**Procedural Background**

On August 17, 2023, the Government filed a Complaint for Federal Taxes alleging that the Defendants, who are married and are residents of Leesburg, Virginia, failed to pay a total federal income tax assessment of $1,078,566.26, which includes penalties and interest, as of August 21, 2023. (Compl. ¶¶ 5, 7, 11). On September 1, 2023, the Government served the Complaint for Federal Taxes and the Summons on the Defendants. (Dkt. 6). The Defendants were required to answer or file a responsive pleading on or before September 22, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). A review of the record reveals that the Defendants did not answer or file a

responsive pleading by September 22, 2023, and, in fact, have never answered or otherwise properly responded to the Complaint for Federal Taxes.

On October 5, 2023, the Government filed a Request for Entry of Default as to both Defendants.  (Dkt. 7).  On October 6, 2023, the Clerk of Court entered default as to both Defendants.  (Dkt. 8).  On November 17, 2023, the Government filed a Motion for Default Judgment supported by a memorandum of law and exhibits seeking an increased total of $1,104,545.35 as of December 7, 2023.  (Dkts. 9, 10).  The Government's Motion included a *Roseboro* Notice as required by Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  (Dkt. 9-2).  The *Roseboro* Notice properly advised the Defendants of various procedures related to the Court's motions practice and informed the Defendants that the Government's Motion for Default Judgment would be heard by the undersigned on December 15, 2023, at 10:00 a.m. (*Id.*).  On November 17, 2023, the Government mailed the Motion, Memorandum in Support with attached exhibits, and the *Roseboro* Notice to the Defendants.  (Dkts. 9, 9-2, 10).

Prior to the hearing scheduled for December 15, 2023, the Defendants sent the Government's counsel a letter dated December 11, 2023 requesting a continuance of the hearing on the Motion for Default Judgment because one of the Defendants was suffering from an undisclosed medical condition.  (Dkts. 12, 14).[2]  On December 15, 2023, the undersigned called the case in open court, and the Government appeared, but neither Defendant appeared.  (Dkt. 13). The Government's counsel advised the undersigned of the email and letter she had received from the Defendants prior to the hearing.  (*See* Dkts. 12, 13, 14).  Given counsel's representations that

---

[2]    Defendants filed the letter dated December 11, 2023 with the Clerk's Office on December 14, 2023 and filed it as a "Motion to Continue."  (Dkt. 12).  However, the letter was not entered on the docket until December 18, 2023, and thus was not reviewed by the Court until after the December 15, 2023 hearing.  (*See* Dkt. 14).

she had been in contact with the Defendants by email and phone, the undersigned continued the Government's Motion for Default Judgment to January 19, 2024 and ordered the Defendants to file an answer or otherwise respond to the Complaint for Federal Taxes by January 12, 2024. (Dkt. 14). The undersigned also required the Government to serve the Order on the Defendants at the same email address from which the Defendants sent the Government their request to continue the December 15, 2023 hearing. (*Id.*). On December 21, 2023, the Government filed a Notice with the Court certifying it had emailed the Order to the Defendants. (Dkt. 15). In addition, the Clerk of Court mailed the Order to the Defendants. (Dkt. 14). A review of the record reveals that the Defendants failed to answer or otherwise properly respond to the Complaint for Federal Taxes by January 12, 2024.

On January 16, 2024, the undersigned continued the January 19, 2024 hearing to January 26, 2024, and a copy of the Continuance Order was mailed to the Defendants. (Dkt. 16). On January 26, 2024, the Government appeared and presented argument in support of its Motion for Default Judgment, and no one appeared on behalf of the Defendants. (Dkt. 17). To date, the Defendants have not appeared in this case in any manner. Finding the allegations in the Complaint for Federal Taxes to be uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

### Facts Alleged in the Complaint and Deemed Admitted

Fed. R. Civ. P. 55 provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of the Defendants to file an answer or other responsive pleading in a timely manner, the Clerk of Court entered default against both Defendants. (Dkt. 8). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than

one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (stating that when a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

In this case, the following facts are established by the Complaint for Federal Taxes, supported by the Government's Motion for Default Judgment, memorandum, and accompanying affidavits and exhibits, and are deemed admitted. The Defendants, Anil J. Patel and Bina Patel, are married and reside in Leesburg, Virginia, within the Eastern District of Virginia. (Compl. ¶ 5). A delegate of the Secretary of the Treasury made the following federal income tax assessments against the Defendants:

| Tax Year | Assessment Date | Amount Assessed | Outstanding Balance as Of 8/21/2023 (including penalties and interest) |
|----------|-----------------|-----------------|-----------------------------------------------------------------------|
| 2008 | 04/15/2013 | $121,644.00 | $276,018.45 |
| 2010 | 05/21/2012 | $126,877.00 | $286,576.46 |
| 2015 | 11/14/2016 | $243,740.00 | $12,763.69 |
| 2016 | 12/25/2017 | $145,578.00 | $83,492.20 |
| 2018 | 11/08/2021 | $266,685.98 | $282,478.61 |
| 2021 | 11/21/2022 | $331,688.00 | $137,236.85 |
| **Total Due** | | | **$1,078,566.26** |

(*Id*. ¶ 7). Notice and demand for payment of the assessments was given to the Defendants. (*Id*. ¶ 8). Statutory additions for interest and penalties have accrued and will continue to accrue on the assessments. (*Id*. ¶ 9). The Defendants have failed to pay the United States the full amount owed

as a result of the assessments.  (Compl. ¶ 10).[3]  The Defendants are indebted to the United States in the amount of $1,078,566.26, as of August 21, 2023, plus penalties, interest, and costs that will accrue after that date according to law.  (*Id*. ¶ 11).  Finally, the record is sufficient for the undersigned to find that the Defendants are neither minors nor incompetent persons nor members of the military.  (Dkts. 7-1, 7-2).

## Jurisdiction and Venue

The Court must have both subject matter jurisdiction and personal jurisdiction over the Defendants, and venue in this judicial district must be proper before the Court can render a default judgment.

### *Subject Matter Jurisdiction*

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1340, 28 U.S.C. § 1345, and 26 U.S.C. § 7402.  Section 1340 provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."  28 U.S.C. § 1340.  Section 1345 provides in relevant part that "the district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C. § 1345.  Section 7402(a) of the Internal Revenue Code provides in relevant part that "[t]he district courts of the United States shall have such jurisdiction to make and issue in civil actions . . . orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. §

---

[3]      The Complaint for Federal Taxes alleges that the Defendants have not paid "the full amount" of the assessment.  (Compl. ¶ 10).  The IRS Account Transcripts do reflect some payments to the Government, but the $1,078,566.26 appears to be the balance due as of August 21, 2023.  (Dkt. 10-2).

7402(a).

Here, there are three independent statutory grounds for subject matter jurisdiction. First, the Court has subject matter jurisdiction because this suit has been brought by the United States to reduce the Defendants' unpaid income tax liabilities to a judgment. This case qualifies as a "civil action arising under [an] Act of Congress providing for internal revenue" pursuant to 28 U.S.C. § 1340. Second this case constitutes a "civil action . . . commenced by the United States" as defined by 28 U.S.C. § 1345. Finally, 26 U.S.C. § 7402(a) confers jurisdiction upon the Court because this suit is necessary to enforce the internal revenue laws. For these reasons, the undersigned recommends the Court find it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1340, 28 U.S.C. § 1345, and 26 U.S.C. § 7402.

### *Personal Jurisdiction*

The Court must also have personal jurisdiction over the Defendants. The standards of federal due process and the forum state's long-arm statute must be satisfied for a federal court to have personal jurisdiction over a party. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co*., 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The inquiry to find personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. *Tire Eng'g & Distrib*., 682 F.3d at 301 (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc*., 293 F.3d 707, 711 (4th Cir. 2002)). Further, "a defendant should be able to anticipate being brought to court in the forum, in that the contacts must be directed at the forum

state in more than a random, fortuitous, or attenuated way." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002) (internal quotation marks and citation omitted).   Virginia's long arm statute, Va. Code Ann. 8.01-328.1, provides for personal jurisdiction to the extent that federal due process permits, thus requiring only one inquiry.   *Hilton Franchise Holding, LLC v. HC Southfield LLC*, No. 1:19-CV-610 (LO/TCB), 2021 WL 5194109, at *2 (E.D. Va. Mar. 24, 2021), *report and recommendation adopted*, No. 1:19-CV-00610, 2021 WL 5192362 (E.D. Va. Apr. 12, 2021).

Here, the Defendants reside in Leesburg, Virginia, and are therefore residents of Loudoun County, Virginia, which falls within the Eastern District of Virginia.   (*See* Compl. ¶ 5).[4]   In an action to enforce a federal tax liability, federal due process and the Virginia long-arm statute clearly permit a federal Court to exercise personal jurisdiction over those who reside within its District.   Therefore, the undersigned recommends the Court find it has personal jurisdiction over the Defendants.

### Venue

Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1396 because the Defendants reside within this judicial district.   Section 1391(b) provides in relevant part that "[a] civil action may be brought in– (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).   In addition, Section 1396 provides in relevant part that "[a]ny civil action for the collection of internal revenue taxes may be brought . . . in the district of the taxpayer's residence . . . ." 28 U.S.C. § 1396.   Therefore, the undersigned recommends the Court find that venue is proper in this judicial district.

---

[4]      The undersigned takes judicial notice of the fact that Loudoun County, Virginia is within the jurisdiction of the Eastern District of Virginia.   *See* 28 U.S.C. § 127.

**Service of Process**

Pursuant to Fed. R. Civ. P. 4(e)(2)(A), an individual may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." The record reflects that Defendant Anil J. Patel was personally served with a copy of the Summons and Complaint at his residence in Leesburg, Virginia on September 1, 2023. (Dkt. 6). Fed. R. Civ. P. 4(e)(2)(B) permits an individual to be served in a judicial district of the United States by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" The record reflects that Defendant Bina Patel was properly served with a copy of the Summons and Complaint at her residence in Leesburg, Virginia on September 1, 2023, when a process server left the documents with Anil J. Patel, Bina Patel's husband and codefendant, who is a person of suitable age and discretion and who lives at the same residence. (Dkt. 6). In addition, on September 1, 2023, a copy of the Summons and Complaint was mailed to the Defendants' residence. (*Id*.) Finally, the undersigned finds the Defendants have actual knowledge of this action as evidenced by their request for an adjournment of the December 15, 2023 hearing. (Dkt. 12). Therefore, the undersigned recommends the Court find that the Defendants were properly served in accordance with Fed. R. Civ. P. 4.

**Fed. R. Civ. P. 12(b)(6) Analysis of the Government's Claim**

Before entering default judgment, the Court must evaluate the complaint against the standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). In this case, the Government seeks to reduce to a judgment and collect the unpaid income tax liabilities of the Defendants in the amount of $1,078,566.26, which includes penalties and interest through

August 21, 2023.

The Internal Revenue Code provides that "[t]he Secretary [of the Treasury] is authorized and required to make the inquires, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title . . . ."  26 U.S.C. § 6201(a).  The Complaint for Federal Taxes properly alleges that "a delegate of the Secretary of the Treasury" levied a $1,078,566.26 federal income tax assessment against the Defendants.  (Compl. ¶ 7).[5]  This allegation is supported by a Declaration from a Revenue Officer employed by the Internal Revenue Service ("IRS") reflecting his analysis of the Defendants' tax liability as well as the Defendants' IRS Account Transcripts for tax years 2008, 2010, 2015, 2016, 2018, and 2021.  (Dkts. 10-1, 10-2).  The IRS' assessment is a determination of the tax liability owed by the Defendants to the United States and is entitled to a legal presumption of correctness. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."); *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980) ("The Government established a prima facie case in support of the tax liability charged in the complaints when it introduced into evidence the certified copies of the certificates of assessment.").  The Complaint also alleges that the Defendants received notice of the assessment and have failed to pay the United States the full amount of the assessment.  (Compl. ¶¶ 8, 10).  As a result, the undersigned recommends the Court find that the Complaint for Federal Taxes properly pleads sufficient facts to state a claim and complies with the standards of Fed. R. Civ. P. 12(b)(6).

---

[5]     The undersigned finds this action was authorized by the Secretary of the Treasury and commenced by a delegate of the Attorney General as required by 26 U.S.C. § 7401.

**Requested Relief**

In the Complaint for Federal Taxes, the Government seeks a judgment against the Defendants in the amount of $1,078,566.26, which constitutes the Defendants' joint tax liability and includes statutory additions for penalties and interest accrued through August 21, 2023. (Compl. ¶¶ 7, 11).  In the Motion for Default Judgment, the Government requests an increased amount of $1,104,545.35, as of December 7, 2023, for unpaid federal income taxes, penalties, and interest.  In support of the increased amount requested in the Motion for Default Judgment, the Government provides "the Service's interest and penalty calculation (INTST transcripts), which shows the payoff amount as of December 7, 2023" in addition to a statement made by the Revenue Officer and copies of the INTST transcripts.  (Dkt. 10, Mem. Supp. at 5; Dkt. 10-1 ¶ 14; Dkt. 10-3).  While the undersigned presumes the increased request for $1,104,545.35 accounts for the statutory interest and penalties accrued as of December 7, 2023, because the INTST transcripts lack further explanation or breakdown similar to what is provided in the Account Transcripts and this increased number is not listed in the assessments alleged, the undersigned's recommendation will account for what is specifically requested in the Complaint for Federal Taxes.  Moreover, the undersigned finds it further appropriate to account for what is requested in the Complaint for Federal Taxes rather than the Motion for Default Judgment because notice and demand for payment of the assessments—for a total of $1,078,566.26—was provided to Defendants.  (Compl. ¶ 8).  In addition to $1,078,566.26, the Government also seeks statutory additions for interest and penalties that have accrued and will continue to accrue from August 21, 2023 until the Defendants' debt to the United States is paid in full.  (*Id*. ¶ 9).  Finally, the Government seeks reimbursement for its costs and attorneys' fees.  (*Id*. ¶ 11).

As an initial matter, the Government seeks this relief pursuant to Fed. R. Civ. P. 55(b)(1).

This section of Rule 55 authorizes the Clerk to enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(2) provides "[i]n all other cases, the party must apply to the court for a default judgment." Here, while the Government has requested the Clerk to enter a judgment, the undersigned will consider the Government's request for relief under Fed. R. Civ. P. 55(b)(2) because under these circumstances the computation of damages requires judicial review.

The Government has properly alleged and factually supported its request to reduce the Defendants' $1,078,566.26 tax assessment to a judgment. As alleged in the Complaint for Federal Taxes, this figure represents the Defendants' tax liabilities for the 2008, 2010, 2015, 2016, 2018, and 2021 tax years, as well as interest and penalties accrued through August 21, 2023. (*See* Compl. ¶¶ 7, 11; Dkt. 10-1 ¶¶ 11, 12, 13). The Government is also entitled to its request for statutory additions including interest and penalties that will continue to accrue from August 21, 2023 until the Defendants' debt to the United States is paid in full. (Dkt. 10-1 ¶¶ 12, 15). While establishing the amount of a tax liability is a matter of evidence, "the amount of interest accrued on such tax liability is a matter of law." *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007). Here, the Government has properly assessed that statutory interest pursuant to 26 U.S.C. §§ 6601(a), (b)[6]

---

[6]     26 U.S.C. §§ 6601(a) and (b) provide, in pertinent part:

(a) General rule.—If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

(b) Last date prescribed for payment.—For purposes of this section, the last date prescribed for payment of the tax shall be determined under chapter 62 with the application of the [rules articulated in subsections (1)–(4)].

26 U.S.C. § 6601(a), (b).

and 6621(a)[7] accrued from the date the Defendants' tax liabilities became due and will continue to accrue until their tax liabilities are paid in full.  (Dkt. 10, Mem. Supp. at 5–6).  Similarly, the Government has properly assessed that penalties on the Defendants' unpaid federal income taxes accrued from the date Defendants' tax returns were due and continued to accrue until reaching the statutory maximum in accordance with 26 U.S.C. § 6651[8] and 26 U.S.C. § 6654.[9]  (*Id.*)

The Government also seeks its costs and attorneys' fees.  However, the Government has not cited any authority to support its claim that attorneys' fees may be awarded under these circumstances to a government agency.  The Government has also not requested a specific award of attorneys' fees, nor has the Government provided any affidavits or evidence regarding the

---

[7]     26 U.S.C. § 6621(a) provides, in pertinent part:

(a) General rule.—

(1) Overpayment rate.—The overpayment rate established under this section shall be the sum of—

(A) the Federal short-term rate determined under subsection (b), plus

(B) 3 percentage points (2 percentage points in the case of a corporation) . . .

(2) Underpayment rate.—The underpayment rate established under this section shall be the sum of—

(A) the Federal short-term rate determined under subsection (b), plus

(B) 3 percentage points.

26 U.S.C. § 6621(a).

[8]     26 U.S.C. § 6651 provides penalties for, among other things, the failure to timely pay taxes and the failure to timely pay taxes after the issuance of notice.

[9]     26 U.S.C. § 6654 provides penalties for the underpayment of taxes.

reasonableness of a fee award.  Similarly, the Government has not cited any authority to support its claim that it is entitled to have its costs reimbursed.  Although Fed. R. Civ. P. 55(b)(1) specifically provides for reimbursement of costs, no such provision is found in section (b)(2), and, as previously discussed, the Government's motion is being analyzed under section (b)(2). Moreover, the Government has not provided any affidavits or evidence as to what costs it incurred in bringing this action.  For these reasons, the undersigned recommends the Court deny the Government's request for attorneys' fees and costs.

### Recommendation

For the reasons outlined above, the undersigned United States Magistrate Judge recommends that default judgment be entered in favor of the United States against Defendants Anil J. Patel, also known as Anilkumar J. Patel, and Bina Patel, also known as Dharmistha A. Patel, in the total amount of $1,078,566.26, plus statutory additions accruing as provided by law from August 21, 2023 until paid.  It is further recommended that the Government's request for attorneys' fees and costs be denied.

### Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to file timely objections waives appellate review of any judgment or decision based on this Report and Recommendation.

*William E. Fitzpatrick*

WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

April 30, 2024
Alexandria, Virginia